Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA  92106-1253
Tel:    619/758-1891
Fax:    619/222-3667
dpk@sessions-law.biz

Attorney for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND CHARLES MEYER,<br><br>            Plaintiff,<br><br>    vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br>a Pennsylvania corporation,<br><br>            Defendants. | Case No.  C07-05853 BZ<br><br>ANSWER OF NCO FINANCIAL<br>SYSTEMS, INC. TO COMPLAINT |

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone, responds to the complaint filed by plaintiff, RAYMOND CHARLES MEYER, as follows:

### I. INTRODUCTION

1.    NCO admits that plaintiff purports to seek redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, *et seq.*,

as alleged in ¶ 1 of the Complaint, but denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## II. JURISDICTION

2.   NCO admits the allegations contained in ¶ 2 for jurisdictional purposes only.

3.   NCO denies the allegations contained in ¶ 3 of the Complaint.

## III. VENUE

4.   NCO admits the allegations contained in ¶ 4 for venue purposes only, but specifically denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## IV. INTRADISTRICT ASSIGNMENT

5.   NCO lacks sufficient information to answer the allegations contained in ¶ 5, and based thereon denies the same.  NCO specifically denies violating the FDCPA or RFDCPA and denies any liability or wrongdoing under the law.

## V.  PARTIES

6.   NCO lacks sufficient information to answer the allegations contained in ¶ 6, and based thereon denies the same.

7.   NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) or Cal. Civil Code § 1788.2(c) its conduct may be governed by the applicable provisions of those statutes.   NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. NCO further admits the address of its principal place of business and its agent for service of process is as stated in ¶ 7 of the Complaint.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 7.

## VI.  FACTUAL ALLEGATIONS

8.   NCO lacks sufficient information to answer the allegations contained in ¶ 8, and based thereon denies the same.

Answer of NCO Financial Systems, Inc. to Complaint

2

9. NCO admits its records reflect plaintiff's Citibank account was placed with NCO for collection on or about December 13, 2006. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 9.

10. NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 1 was sent to plaintiff on or about December 16, 2007. NCO avers the original of such correspondence is the best evidence of its contents. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 10.

11. NCO admits its records reflect a letter of the type attached to the Complaint as Exhibit 1 was sent to plaintiff on or about December 16, 2007. NCO avers the original of such correspondence is the best evidence of its contents. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 11.

12. NCO admits the allegations contained in ¶ 12 and avers the original of such correspondence is the best evidence of its contents.

13. NCO admits the allegations contained in ¶ 13.

14. NCO admits its records reflect telephone calls were made to plaintiff by NCO personnel. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 14.

15. NCO admits its records reflect that telephone calls were made to plaintiff on or about December 15, 2006. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 15 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

16. NCO admits its records reflect that telephone calls were made to plaintiff on or about December 18, 2006. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 16 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

17.     NCO admits its records reflect that telephone calls were made to plaintiff on or about December 19, 2006.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 17 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

18.     NCO admits its records reflect that telephone calls were made to plaintiff on or about December 20, 2006.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 18 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

19.     NCO admits its records reflect that telephone calls were made to plaintiff on or about December 22, 2006.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 19 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

20.     NCO admits its records reflect that telephone calls were made to plaintiff on or about December 23, 2006.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 20 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

21.     NCO admits its records reflect that telephone calls were made to plaintiff on or about December 28, 2006.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 21 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

22.     NCO admits its records reflect that telephone calls were made to plaintiff on or about January 11, 2007.  Except as specifically admitted, NCO lacks sufficient

information to answer the remaining allegations contained in ¶ 22 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

23. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 11, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 23 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

24. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 12, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 24 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

25. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 15, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 25 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

26. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 17, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 26 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

27. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 22, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 27 of the Complaint and

based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

28. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 22, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 28 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

29. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 23, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 29 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

30. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 24, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 30 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

31. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 25, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 31 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

32. NCO admits its records reflect that telephone calls were made to plaintiff on or about January 27, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 32 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

33.     NCO admits its records reflect that telephone calls were made to plaintiff on or about January 30, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 33 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

34.     NCO admits its records reflect that telephone calls were made to plaintiff on or about January 31, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 34 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

35.     NCO admits its records reflect that telephone calls were made to plaintiff on or about February 2, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 35 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

36.     NCO admits its records reflect that telephone calls were made to plaintiff on or about February 5, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 36 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

37.     NCO admits its records reflect that telephone calls were made to plaintiff on or about February 6, 2007.  Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 37 of the Complaint and based thereon denies the same.  To the extent an admissible recording exits, said recording is the best evidence of its content.

38.     NCO admits its records reflect that telephone calls were made to plaintiff on or about February 12, 2007.  Except as specifically admitted, NCO lacks sufficient

information to answer the remaining allegations contained in ¶ 38 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

39.     NCO admits its records reflect that telephone calls were made to plaintiff on or about February 20, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 39 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

40.     NCO admits its records reflect that telephone calls were made to plaintiff on or about February 27, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 40 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

41.     NCO admits its records reflect that telephone calls were made to plaintiff on or about March 5, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 41 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

42.     NCO admits its records reflect that telephone calls were made to plaintiff on or about May 12, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 42 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

43.     NCO admits its records reflect that telephone calls were made to plaintiff on or about May 14, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 43 of the Complaint and

based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

44.    NCO admits its records reflect that telephone calls were made to plaintiff on or about May 17, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 44 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

45.    NCO admits its records reflect that telephone calls were made to plaintiff on or about May 22, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 45 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

46.    NCO admits its records reflect that telephone calls were made to plaintiff on or about June 5, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 46 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

47.    NCO admits its records reflect that telephone calls were made to plaintiff on or about June 6, 2007. Except as specifically admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 47 of the Complaint and based thereon denies the same. To the extent an admissible recording exits, said recording is the best evidence of its content.

48.    NCO denies the allegations contained in ¶ 48 of the Complaint.

49.    NCO denies the allegations contained in ¶ 49 of the Complaint.

50.    NCO denies the allegations contained in ¶ 50 of the Complaint.

///

///

# VII. CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

51. NCO admits that plaintiff brings his first claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but NCO denies violating the FDCPA and denies any liability or wrongdoing under the law.

52. NCO incorporates its responses in the foregoing paragraphs as though fully set forth herein.

53. NCO lacks sufficient information to answer the allegations contained in ¶ 53, and based thereon denies the same.

54. NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 54.

55. NCO lacks sufficient information to answer the allegations contained in ¶ 55, and based thereon denies the same.

56. NCO denies the allegations contained in ¶ 56 of the Complaint, including subparagraphs a. through h., inclusive.

57. NCO denies the allegations contained in ¶ 57 of the Complaint.

58. NCO denies the allegations contained in ¶ 58 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

59. NCO admits that plaintiff brings his second claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33, but NCO denies violating the RFDCPA and denies any liability or wrongdoing under the law.

60. NCO incorporates its responses in the foregoing paragraphs as though fully set forth herein.

61. NCO lacks sufficient information to answer the allegations contained in ¶ 61, and based thereon denies the same.

62. NCO admits that when it acts as a debt collector as defined by Cal. Civil Code § 1788.2(c), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 62.

63. NCO lacks sufficient information to answer the allegations contained in ¶ 63, and based thereon denies the same.

64. NCO denies the allegations contained in ¶ 64 of the Complaint, including subparagraphs a. through h., inclusive.

65. NCO denies the allegations contained in ¶ 65 of the Complaint.

66. NCO denies the allegations contained in ¶ 66 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

67. NCO denies the allegations contained in ¶ 67 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

68. NCO denies the allegations contained in ¶ 68 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

69. NCO denies the allegations contained in ¶ 69 of the Complaint and further specifically denies plaintiff is entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges, pursuant to California Civil Code § 1788.30(e),, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, NCO respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;
2. Judgment of dismissal be entered in favor of NCO;
3. NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit.
4. NCO be granted such other and further relief as the Court deems just and proper.

Dated: 1/7/08                    SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
NCO Financial Systems, Inc.