1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    RAYMOND CHARLES MEYER
6

7

8                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                        SAN FRANCISCO DIVISION

10  RAYMOND CHARLES MEYER,              Case No.  C07-05853-MHP

11                        Plaintiff,    JOINT CASE MANAGEMENT
                                        STATEMENT AND FEDERAL RULE
12  v.                                  OF CIVIL PROCEDURE 26(f)
                                        DISCOVERY PLAN
13  NCO FINANCIAL SYSTEMS, INC., a
    Pennsylvania corporation,           Date:      April 8, 2008
14                                       Time:      10:00 a.m.
                          Defendant.    Judge:     Honorable Marilyn Hall
15                                                  Patel
                                        Courtroom: 15, 18th Floor
16                                      Place:     450 Golden Gate Avenue
                                                   San Francisco, California
17

18          The parties in the above-entitled action hereby submit this Joint Case Management Statement

19  and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

20  conference to be conducted in this matter on April 8, 2008, at 10:00 a.m.  The parties jointly request

21  that the Court enter a Case Management Order in this case, based on the parties discovery plan

22  outlined in this document, without a Case Management Conference.

23          1.      Jurisdiction and Service

24          The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

25  parties remain to be served.

26          2.      Statement of Facts

27                  a.      Plaintiff's Statement

28          This case is brought by an individual consumer to address Defendant's violations of the Fair

                                        -1-

1    Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and of the Rosenthal

2    Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter

3    "RFDCPA").    The violations stem from Defendant's communications attempting to collect a

4    consumer debt from Plaintiff.    Correspondence between the parties has been attached to the

5    Complaint as exhibits.

6        Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or

7    otherwise transferred to Defendant.    Thereafter, Defendant recorded a series of messages on

8    Plaintiff's answering machine in an attempt to collect the debt.    Defendant failed to disclose

9    Defendant's identity and the nature of Defendant's business in its answering machine messages, in

10   violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b).    Defendant also failed to

11   disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11)

12   and Cal. Civil Code § 1788.17.

13       Plaintiff contends that Defendant falsely represented or implied that a lawsuit could or would

14   be filed against Plaintiff to collect the debt, when Defendant did not intend to actually file such a

15   lawsuit, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17, and Cal. Civil Code §

16   1788.13(j).    Defendant also falsely represented or implied that Defendant could or would file a

17   lawsuit against Plaintiff to collect the debt, in violation of 15 U.S.C. § 1692e(10), Cal. Civil Code

18   § 1788.17, and Cal. Civil Code § 1788.13(j).    Plaintiff further contends that Defendant falsely

19   represented or implied that Defendant's February 27, 2007, answering machine message would be

20   Defendant's "final attempt to contact [Plaintiff] with regards to the Citibank matter," in violation

21   of 15 U.S.C. § 1692e(10) and Cal. Civil Code § 1788.17.

22       Defendant designed its answering machine messages to instill a false sense of urgency in the

23   listener, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and Cal. Civil Code § 1788.17.    Defendant

24   also caused the Plaintiff's telephone to ring repeatedly with the intent to annoy, abuse or harass the

25   Plaintiff, in violation of 15 U.S.C. § 1692d(5), Cal. Civil Code § 1788.17 and  Cal. Civil Code §§

26   1788.11(d) and 1788.11(e).  Plaintiff further contends that Defendant falsely represented threats of

27   an imminent lawsuit with the intent to annoy, harass, and abuse Plaintiff, in violation of 15 U.S.C.

28   §§ 1692d, 1692e, and 1692e(10), Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j).

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN          Case No.  C07-05853-MHP

1        **b.**     **Defendant's Statement**

2        Citibank placed plaintiff's account with NCO for collection on or about December 13, 2006.

3 According to NCO's account records, efforts were made to collect the account until June 6, 2007.

4 Defendant contends it has not violated the FDCPA or Rosenthal Act in connection with efforts to

5 collect plaintiff's account.

6       **3.**    **Legal Issues**

7       The principal legal issues which the parties dispute:

8       1.    Whether Defendant caused the Plaintiff's telephone to ring repeatedly with the intent

9               to annoy, abuse or harass the Plaintiff, in violation of 15 U.S.C. § 1692d(5), Cal.

10            Civil Code § 1788.17 and Cal. Civil Code §§ 1788.11(d) and 1788.11(e);

11      2.    Whether Defendant failed to disclose Defendant's identity and the nature of

12            Defendant's business in its answering machine messages, in violation of 15 U.S.C.

13            § 1692d(6) and Cal. Civil Code § 1788.11(b);

14      3.    Whether Defendant falsely represented or implied that a lawsuit could or would be

15            filed against Plaintiff to collect the debt, when Defendant did not intend to actually

16            file such a lawsuit, in violation of 15 U.S.C. § 1692e(5), Cal. Civil Code § 1788.17,

17            and Cal. Civil Code § 1788.13(j);

18      4.    Whether Defendant falsely represented or implied that Defendant could or would file

19            a lawsuit against Plaintiff to collect the debt, in violation of 15 U.S.C. § 1692e(10),

20            Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j);

21      5.    Whether Defendant falsely represented or implied that Defendant's February 27,

22            2007, answering machine message would be Defendant's "final attempt to contact

23            [Plaintiff] with regards to the Citibank matter," in violation of 15 U.S.C. § 1692e(10)

24            and Cal. Civil Code § 1788.17;

25      6.    Whether Defendant designed its answering machine messages to instill a false sense

26            of urgency in the listener, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and Cal.

27            Civil Code § 1788.17;

28      7.    Whether Defendant falsely represented threats of an imminent lawsuit with the intent

-3-

1    to annoy, harass, and abuse Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, and

2    1692e(10), Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(j); and

3    8.    Whether Defendant failed to disclose that the communications were from a debt

4    collector, in violation of 15 U.S.C. § 1692e(11) and Cal. Civil Code § 1788.17.

5    **4.    Motions**

6    There are no motions pending at this time.  Plaintiff will likely file a motion or motions for

7    summary judgment or partial summary judgment.

8    Defendant will file a motion to dismiss for lack of subject matter jurisdiction relating to

9    plaintiff's failure to accept an offer of judgment which fully compensates him for the claims pled.

10    **5.    Amendment of Pleadings**

11    Each party may file an amended pleading without further stipulation.

12    **6.    Evidence Preservation**

13    Plaintiff will propose a protective order to govern production of confidential material in the

14    litigation.

15    Defendant has directed its relevant employees to preserve all documents, in paper or

16    electronic form, related to the subject matter if this case.

17    **7.    Disclosures**

18    **a.    Plaintiff's Statement**

19    Plaintiff served formal written disclosures on March 19, 2008, as required by Fed. R. Civ.

20    P. 26(a)(1).

21    **b.    Defendant's Statement**

22    Defendant will serve written disclosures on or before March 28, 2008, as required by Fed.

23    R. Civ. P. 26(a)(1).

24    **8.    Discovery**

25    **Plaintiff's Discovery:**  Plaintiff will serve Interrogatories and Requests for Production of

26    Documents shortly.  At this time and without the benefit of Defendant's initial disclosures, Plaintiff

27    anticipates that he may require up to 10 depositions in this matter.

28    / / /

-4-

**Defendant's Discovery:**

Defendant will serve Interrogatories and Requests for Production of Documents directed at assessing Plaintiff's claims. Defendant anticipates taking the deposition of plaintiff. Additional depositions may be needed based upon plaintiff's responses to discovery, but defendant anticipates taking no more than two additional depositions.

**9.    Class Actions**

This case is not a class action. Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.    Related Cases**

The parties are not aware of any related cases at this time.

**11.    Relief**

    **a.    Plaintiff's Statement**

The Plaintiff requests that this Court:

    i.    Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10) and 1692e(11);

    ii.    Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e), 1788.13(j) and 1788.17;

    iii.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    iv.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

    v.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

    vi.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN    Case No. C07-05853-MHP

1  1788.30(c); and

2  vii.    Award Plaintiff such other and further relief as may be just and proper.

3  **b.    Defendant's Statement**

4  Defendant seeks entry of dismissal of the complaint and such other and further relief as may

5  be just and proper.

6  **12.    Settlement and ADR**

7  Parties have filed a <u>Joint ADR Stipulation and Proposed Order</u> selecting Mediation as the

8  ADR process in this case.  On March 6, 2008, the Court entered an order referring this case to

9  Mediation.  On March 19, 2008, Timothy Carr was appointed as Mediator in this case.

10  **13.    Consent to Magistrate Judge for All Purposes**

11  Defendant has declined to proceed before a Magistrate Judge for all purposes.

12  **14.    Other References**

13  None at this time.

14  **15.    Narrowing of Issues**

15  The Parties anticipate that resolution of motions may narrow the issues for determination.

16  **16.    Expedited Schedule**

17  The parties do not believe that an expedited schedule is necessary.

18  **17.    Scheduling**

19  Initial Case Management Conference          April 7, 2008

20  Close of Fact Discovery                     October 31, 2008

21  Fed. R. Civ. P. 26(a)(3) Disclosures        November 14, 2008

22  Last Day to File Dispositive Motions        December 8, 2008

23  Opposition to Dispositive Motions           December 22, 2008

24  Replies to Dispositive Motions              December 29, 2008

25  Hearing on Dispositive Motions              January 12, 2009, at 2:00 p.m.

26  **18.    Trial**

27  The parties anticipate that the action can be ready for trial in March 2009.

28  Estimated length of trial is 2-3 days.

-6-

**19.   Disclosure of Non-Party Interested Entities or Persons**

    **a.   Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.   Raymond Charles Meyer, an individual residing in Menlo Park, California.

    **b.   Defendant's Statement**

Pursuant to Civil L.R. 3-16, Defendant state, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

        i.   Defendant NCO Financial Systems, Inc. ("NCO"), a Pennsylvania corporation;

        ii.   JDR Holdings, Inc. ("JDR"), a Delaware corporation, whole owner of NCO;

        iii.   Compass International Services Corporation ("Compass"), a Delaware corporation, whole owner of JDR;

        iv.   NCO Group, Inc. a Delaware corporation, whole owner of Compass.

**20.   Other Matters**

None at this time.

/ / /

/ / /

/ / /

/ / /

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN    Case No.  C07-05853-MHP

1

Dated: __March 24, 2008__                        /s/ Fred W. Schwinn_____
                                                      Fred W. Schwinn, Esq.
2                                                     Attorney for Plaintiff
                                                      RAYMOND CHARLES MEYER
3

4

Dated: __March 24, 2008__                        /s/ Debbie Paulerio Kirkpatrick_____
                                                      Debbie Paulerio Kirkpatrick, Esq.
5                                                     Attorney for Defendant
                                                      NCO FINANCIAL SYSTEMS, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN        Case No.  C07-05853-MHP